ANDREW L. PACKARD (State Bar No. 168690)
WILLIAM N. CARLON (State Bar No. 305739)
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, CA 94952
Tel: (707) 782-4060
Fax: (707) 782-4062
E-mail: andrew@packardlawoffices.com
 wncarlon@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF COLUSA,<br><br>Defendant. | Case No. 2:19-cv-01252-KJN<br><br>**CONSENT DECREE**<br>**(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387)** |

## I. STIPULATIONS

**WHEREAS**, Plaintiff California Sportfishing Protection Alliance (hereinafter "CSPA") is a non-profit public benefit corporation dedicated to the preservation, protection, and defense of the environment, wildlife, and natural resources of California's waters;

**WHEREAS**, Defendant City of Colusa (hereinafter the "City" or "Defendant") owns and operates the City of Colusa Wastewater Treatment Plant (the "Facility"), located at 2820 Will S. Green Road, Colusa, California;

**WHEREAS,** CSPA and Defendant collectively shall be referred to as the "Parties;"

**WHEREAS**, the Facility provides sewer treatment services to a population of approximately 6,000 and discharges treated effluent at Discharge Point 001 into an unnamed tributary to Powell Slough, which is a water of the United States and a tributary to the Colusa

Basin Drain;

**WHEREAS**, effluent discharges from the Facility into surface water are regulated pursuant to the National Pollutant Discharge Elimination System ("NPDES") Permit No. CA0078999, State Water Resources Control Board ("State Board") *Waste Discharge Requirements for the City of Colusa Wastewater Treatment Plant Colusa County*, Order No. R5-2016-0062-01, as amended by Order No. R5-2018-0018 ("Amended 2016 NPDES Permit"), which amended Order No. R5-2016-0062, which rescinded the prior operative permit, Order No. R5-2008-0184 (collectively the "NPDES Permits");

**WHEREAS**, on or about April 26, 2019, Plaintiff provided notice of Defendant's violations of the Act, and of its intention to file suit against Defendant to the Administrator of the United States Environmental Protection Agency ("EPA"); the Administrator of EPA Region IX; the U.S. Attorney General; the Executive Director of the State Board; the Executive Officer of the Regional Water Quality Control Board, Central Valley Region ("Regional Board"); and to Defendant, as required by the Act, 33 U.S.C. § 1365(b)(1)(A) (a true and correct copy of CSPA's Notice Letter is attached hereto as **Exhibit A** and incorporated herein by reference);

**WHEREAS**, Defendant denies the occurrence of the violations alleged in the Notice Letter and maintains that the City has complied at all times with the provisions of its NPDES Permits and the Clean Water Act or, alternatively, that there are no "ongoing and continuous" violations of the NPDES Permits or the Act;

**WHEREAS**, the Parties agree that it is in their mutual interest to resolve this matter as to all entities and persons named in the Notice Letter without further litigation and enter into this Consent Decree;

**WHEREAS**, on or about July 5, 2019, CSPA filed a complaint against the City in the United States District Court, Eastern District of California (this matter is hereinafter referred to as "the Action");

**WHEREAS**, for purposes of this Consent Decree only, the Parties stipulate that venue is proper in this Court, and that Defendant does not contest the exercise of jurisdiction

by this Court to dismiss this matter with prejudice under the terms of this Consent Decree;

**WHEREAS**, within five (5) calendar days of the Parties' mutual execution, this Consent Decree shall be submitted to the United States Department of Justice for the 45-day statutory review period, pursuant to 33 U.S.C. § 1365(c);

**WHEREAS,** at the time the Consent Decree is submitted to the United States Department of Justice for the 45-day statutory review period, the Parties shall file with the Court a Joint Motion for Entry of Consent Decree;

**THEREFORE,** CSPA and the City stipulate to entry of this Consent Decree without trial regarding CSPA's claims or allegations set forth in its complaint and Notice Letter.

DATED this October __, 2019

| CITY OF COLUSA | CALIFORNIA SPORTFISHING PROTECTION ALIANCE |
|---|---|
| By /s/Jesse Cain | By /s/James H. Crenshaw |
| Title: City Manager, City of Colusa | Title: President, CSPA |

## II.     ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties.  Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This court has jurisdiction over the parties and subject matter of this action.

2. Each signator for the parties certifies for that party that he or she is authorized to enter into the agreements set forth below and have read, understood and agreed to be bound by all of the terms and conditions of this Consent Decree.

3. This Consent Decree applies to the operation, oversight, or both, by Defendant of its Facility.

4. This Consent Decree applies to and binds the parties and their successors and assigns.

5. This Consent Decree is a full and complete settlement of the claims in the complaint and all other claims known and unknown existing as of the date of entry of this Consent Decree that could be asserted under the Notice Letter, arising from operations of the Facility. These claims are released and dismissed with prejudice. Enforcement of this decree is CSPA's exclusive remedy for any violation of its terms.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by CSPA in this case or of any fact or conclusion of law related to those allegations.

7. The City of Colusa agrees to the following terms and conditions in full and complete satisfaction of the claims covered by this Consent Decree:

**Compliance with the NPDES Permits and the Clean Water Act.** Throughout the term of this Consent Decree, the City shall continue implementing all measures needed to operate the Facility in compliance with the requirements of the *Waste Discharge Requirements for the City of Colusa Wastewater Treatment Plant Colusa County*, Order No. 2016-0062-01, NPDES Permit No. CA0078999, and the Clean Water Act, subject to any defenses available under the law.

    a. **Communications To/From Regional and State Water Boards.** During the term of this Agreement, the City shall provide CSPA with copies of all progress reports and compliance status reports and studies submitted to the Regional Water Board or the State Water Board concerning effluent discharges from the Facility as required by the Facility's NPDES Permit and which are directly related to the City's recycled water project and receiving water temperature studies. Such documents and reports shall be provided to CSPA pursuant to the Notice provisions set forth below and contemporaneously with the City's submission(s) to, or, receipt from, such agencies.

    b. **Communications to the State Revolving Fund**. During the term of this Agreement, the City shall provide CSPA with copies of all progress reports and compliance status reports submitted to the State Revolving Fund concerning the City's recycled water project.

8. CSPA agrees to withdraw their public records request filed with the City of Colusa on August 21, 2019.

9. As mitigation to address any potential harms from the Clean Water Act violations alleged in CSPA's complaint, Defendant shall pay Thirty Five Thousand and 00/100 Dollars ($35,000) to the Rose Foundation for Communities and the Environment ("Rose Foundation") for a grant to fund research to study pollutants related to waste water treatment plants and water quality in Powell Slough, the Colusa Basin Drain, the Sacramento River, and the Sacramento-San Joaquin River Delta. The mitigation payment shall be remitted directly to the Rose Foundation at: Rose Foundation, Attn: Tim Little, 201 4th Street, Suite 102, Oakland, CA 94607 within ten days of the entry of this Consent Decree.

10. To defray CSPA's reasonable investigative, expert, consultant, and attorneys' fees and costs, and all other costs incurred as a result of investigating the activities at the Facility, bringing the action, and negotiating a resolution of this action in the public interest, Defendant agrees to pay Forty Thousand and 00/100 Dollars ($40,000.00). Payment shall be made payable to the "Law Offices of Andrew L. Packard Attorney Client Trust Account" and remitted to the firm within ten days of the entry of this Consent Decree.

11. This court retains jurisdiction over this matter. And, while this Consent Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this decree. In the event of a dispute regarding implementation of, or compliance with, this decree, the Parties shall meet and confer within seven days of receiving written notification from the other Party of a request for a meeting to determine whether a breach has occurred and to develop a mutually agreed upon plan, including implementation dates, to resolve the dispute. If the Parties fail to meet and confer, or the meet-and-confer does not resolve the issue, after at least seven days have passed after the meet-and-confer occurred or should have occurred, either party may file a motion with this court to enforce the terms and conditions of this Consent Decree. The Parties shall be entitled to seek attorneys' fees and costs incurred in

any such motion, and such fees and costs shall be awarded, pursuant to the provisions set forth in the then-applicable federal Clean Water Act and Rule 11 of the Federal Rules of Civil Procedure, and applicable case law interpreting such provisions.

12. The Parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA. Therefore, within five days of mutual execution of the Consent Decree by the Parties, CSPA shall have served copies of the executed Consent Decree upon the U.S. Attorney General and the Administrator of the U.S. EPA. The parties have represented to the Court that the Consent Decree was in fact served on these entities, and that "[o]n December 20, 2019, the DOJ informed the Parties that it did not object to the terms of the Consent Decree." (See ECF No. 15 at p. 2.)

13. This Consent Decree takes effect upon entry by the court. It terminates two years after the court enters the Consent Decree.

14. Upon the entry of this Consent Decree, CSPA, on its own behalf and on behalf of its members, subsidiaries, successors, assigns, directors, officers, agents, attorneys, representatives, and employees, releases Defendant and its officers, directors, employees, shareholders, parents, subsidiaries, and affiliates, and each of its predecessors, successors and assigns, and each of their agents, attorneys, consultants, and other representatives (each a "Released Defendant Party") from, and waives all claims which arise from or pertain to the Action, including, without limitation, all claims for injunctive relief, damages, penalties, fines, sanctions, mitigation, fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed in this Action, for the alleged failure of Defendant to comply with the Clean Water Act at the Facility, up to the date on which the court enters the Consent Decree.

15. Defendant, on its own behalf and on behalf of any Released Defendant Party under its control, releases CSPA (and its officers, directors, employees, members, parents,

subsidiaries, and affiliates, and each of their successors and assigns, and its agents, attorneys, and other representatives) from, and waives all claims which arise from or pertain to the Action, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed for matters associated with or related to the Action.

16. The Consent Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document. An executed copy of this Consent Decree shall be valid as an original.

17. In the event that any one of the provisions of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

18. The language in all parts of this Consent Decree, unless otherwise stated, shall be construed according to its plain and ordinary meaning. This Consent Decree shall be construed pursuant to the law of the United Sates, without regard to choice of law principles.

19. All agreements, covenants, representations and warranties, express or implied, oral or written, of the Parties concerning the subject matter of this Consent Decree are contained herein. This Consent Decree and its attachments are made for the sole benefit of the Parties, and no other person or entity shall have any rights or remedies under or by reason of this Consent Decree, unless otherwise expressly provided for therein.

20. **Notices.** Any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to CSPA pursuant to this Agreement shall be hand-delivered or sent by U.S. Mail, postage prepaid, and addressed as follows or, in the alternative, shall be sent by electronic mail transmission to the email addresses listed below:

> William Jennings, Executive Director
> California Sportfishing Protection Alliance
> 3536 Rainer Avenue
> Stockton, California 95204
> Tel: (209) 464-5067
> E-mail: deltakeep@me.com

With copies sent to:

Andrew L. Packard
William N. Carlon
Law Offices of Andrew L. Packard
245 Kentucky Street, Suite B3
Petaluma, California 94952
Tel: (707) 782-4060
E-mail: andrew@packardlawoffices.com
   wncarlon@packardlawoffices.com

Any notices or documents required or provided for by this Agreement or related thereto that are to be provided to Defendant pursuant to this Agreement shall be sent by U.S. Mail, postage prepaid, and addressed as follows or, in the alternative, shall be sent by electronic mail transmission to the email addresses listed below:

Jesse Cain, City Manager
City of Colusa
425 Webster Street
Colusa, CA 95932
Email: citymanager@cityofcolusa.com

With copies sent to:

Ryan R. Jones
Jones & Mayer
6349 Auburn Blvd.
Citrus Heights, CA 95621
E-mail: rrj@jones-mayer.com

Each Party shall promptly notify the other of any change in the above-listed contact information.

21. Signatures of the Parties transmitted by facsimile or email shall be deemed binding.

22. If for any reason the Court should decline to enter this Consent Decree in the form presented and without further briefing, the Parties shall use their best efforts to work together to modify the Agreement within thirty days so that it is acceptable to the Court. If the Parties are unable to modify this Consent Decree in a mutually acceptable manner, or if the Court should require further briefing, this Consent Decree is voidable at the discretion of either party.

23. This Consent Decree shall be deemed to have been drafted equally by the Parties, and shall not be interpreted for or against any Settling Party on the ground that any

such party drafted it.

24. This Consent Decree and the attachments contain all of the terms and conditions agreed upon by the Parties relating to the matters covered by the Consent Decree, and supersede any and all prior and contemporaneous agreements, negotiations, correspondence, understandings, and communications of the Parties, whether oral or written, respecting the matters covered by this Consent Decree.

25. This Consent Decree may be amended or modified only by a writing signed by the Parties, subject to review by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3), and upon approval of the Court.

Dated: January 6, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

CSPA.1252

**EXHIBIT A – CWA Notice of Violation and Intent to Sue Letter**